Citation Nr: 1532785 
Decision Date: 07/31/15 Archive Date: 08/05/15

DOCKET NO. 12-23 873 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Jackson, Mississippi


THE ISSUE

Entitlement to service connection for headaches, to include as secondary to bilateral hearing loss. 


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

T. M. Gillett, Counsel


INTRODUCTION

The Veteran served on active duty from July 1958 to July 1961, from October 1961 to January 1962, and from July 1974 to February 1986.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a May 2010 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Jackson, Mississippi.

The Veteran previously requested a hearing before the Board in her August 2012 Substantive Appeal to the Board. However, in an April 2014 statement, the Veteran indicated that she no longer desired a hearing. As such, the Board considers her hearing request withdrawn. 38 C.F.R. § 20.704 (2014).

This appeal was processed using the Veterans Benefits Management System (VBMS) and "Virtual VA" paperless claims processing system. Accordingly, any future consideration of this Veteran's case should take into consideration the existence of this electronic record (electronic claims file).

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2014). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

In a February 2015 medical opinion, a VA examiner stated that the Veteran's current headaches were "part and parcel of her ongoing diagnosis of myofascial pain syndrome." The VA examiner further stated that it was the Veteran's current myofascial pain syndrome was as likely as not the same as myofascial pain diagnosed during service. The Board notes that the RO denied a claim for service connection for myofascial pain syndrome in January 2005 because the evidence did not show a relationship between the claimed disorder and service. Moreover, in writing the February 2015 medical opinion, the VA examiner did not note the April 2004 VA medical examination report and April 2004 VA medical opinion regarding the nature and etiology of the Veteran's then current myofascial pain syndrome. The examiner also did not note the other references to headaches (i.e. tension headaches, sinus headaches) throughout the record. The examiner also did not provide an explanation as to why the headaches had not been permanently aggravated by the Veteran's service-connected bilateral hearing loss, as request by the Board in a December 2014 Remand. As the February 2015 VA medical opinion is inadequate, another opinion is required. 

Accordingly, the case is REMANDED for the following action:

(This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. Contact the Veteran and the Veteran's representative to obtain and associate with the claims file all outstanding VA and private treatment records indicating treatment for headaches, and any records regarding treatment after 1994 and 1996 automobile accidents. All records/responses received should be associated with the claims file. All efforts to obtain the records should be fully documented. Insure that the Veteran is provided with the necessary authorization and release forms to procure any outstanding records.

2. Schedule the Veteran for an examination with an appropriate internist or specialist who should be provided access to the Veteran's electronic claims file.

The examiner should review the electronic claims file and note the review in the examination report. In reviewing the record, the examiner should note:

a. The service treatment records, including the notations indicating treatment for myofascial pain in August, September, and October 1984, and for headaches in December 1984;

b. The post-service treatment records indicating treatment for headaches, claimed as sinus headaches, tension headaches, or as related to tear duct infection or a 1970 whiplash injury;

c. The April 1992 and January 1999 VA medical examination reports, in which the Veteran reported experiencing headaches;

d. The June 2000 private treatment record in which the Veteran reported experiencing headaches after neck surgery;

e. The June 2000 private treatment record, in which the Veteran reported experiencing automobile accidents in both 1994 and 1996; 

f. The post-service treatment records, mostly dated since 2000, indicating diagnosis and treatment for myofascial pain syndrome;

g. The April 2004 VA medical examination report and April 2004 VA medical opinion, regarding the nature and etiology of the Veteran's myofascial pain syndrome; 

h. The July 2012 VA medical examination report, diagnosing the Veteran as having tension headaches and opining that they were not related to service; and

i. The February 2015 VA medical opinion, stating that the Veteran's headaches were "part and parcel of" diagnosed myofascial pain syndrome. 

The examiner is asked to determine the following:

(a) Whether it is at least as likely as not that the Veteran's current headaches are related to service?

(b) Whether it is at least likely as not that the Veteran's headaches, if not caused by the Veteran's service-connected bilateral hearing loss, were permanently worsened beyond normal progression by the service-connected bilateral hearing loss?

The reasons and bases for each opinion are to be fully explained with a complete discussion of the lay and medical evidence of record and sound medical principles, including the use of any medical literature, which may reasonably illuminate the medical analysis in the study of this case.

A complete rationale for any opinion should be provided. All opinions should be based on examination findings, historical records, and medical principles. The examiner should fully articulate a sound reasoning for all conclusions made. If the requested opinions cannot be provided without resorting to mere speculation, the examiner should so state but, more importantly, explain why an opinion cannot be provided without resorting to speculation, as merely stating this will not suffice.

3. When the development requested has been completed, and the AOJ has ensured compliance with the requested action, this case should again be reviewed by the AOJ on the basis of the additional evidence. If the benefits sought are not granted, the Veteran and her representative should be furnished a Supplemental Statement of the Case, and be afforded a reasonable opportunity to respond before the record is returned to the Board for further review.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
KELLI A. KORDICH
Acting Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).